IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN DECARLOS WILLIAMS, A.K.A. AL-ISTAFA SANKOFA,, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-3427-CV-S-DW |
| SYMPSON, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

On November 6, 2007, the jury returned a verdict in favor of the three defendants. Plaintiff subsequently filed a Motion for a New Trial (Doc. 189), a Motion for Contempt (Doc. 190), and a Motion for Directed Verdict (Doc. 191). For the foregoing reasons, Plaintiff's Motions are DENIED.

**Motion for New Trial**

In his Motion for New Trial, Plaintiff argues that a new trial is necessary because (1) defendants allegedly presented an altered or different copy of the November 22, 2004 use of force videotape; (2) the verdict was against the weight of the evidence; (3) the jury was biased toward Plaintiff; (4) the Court's improper denial of Plaintiff's Motion to Compel biased Plaintiff's case; (5) newly discovered evidence; (6) mistakes resulting from Plaintiff's misunderstanding as to the proper conduct for admitting documents; (7) prejudice resulting from the admission of the prior convictions of Plaintiff's witnesses; and (8) the Court's failure to rule on Plaintiff's Motion to Strike.

Plaintiff first argues that a new trial is necessary since Defendants presented a different or

altered copy of the November 22, 2004 use of force videotape. After consideration of arguments by both sides, the Court denied Plaintiff's argument as to the use of force tape at trial. The Court properly admitted the tape show and found that this was the only tape in Defendants' possession.

As to Plaintiff's second argument, that the verdict is against the weight of the evidence, Plaintiff appears to be arguing in favor of a Judgment as a Matter of Law. This argument is thus duplicative of his Motion for Directed Verdict and is discussed in more detail below.

Plaintiff argues that the jury was biased against Plaintiff, as shown by their alleged whispering and eye-rolling when Plaintiff testified, and that the jury missed important evidence due to their bias and disinterest. While the alleged eye-rolling and whispering may evidence that the jurors engaged in "premature deliberations," without evidence of external influence, "there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial" and the "appellant must show prejudice." United States v. Gianakos, 415 F.3d 912, 921-922 (8th Cir. 2005). Plaintiff never objected nor brought this behavior to the attention of the Court, who did not observe any of the alleged behaviors or attitudes. Plaintiff has failed to show or put forth any evidence of prejudice resulting from the alleged juror behaviors.

Prior to trial, this Court denied Plaintiff's Motion to Compel production of a number of discovery requests. Amongst those requests was a demand that Defendants produce the exact dimensions of the cell at issue in the case. While the Court denied that Motion, Plaintiff made no further attempt to elicit this information from any of the witnesses. A new trial motion based upon an erroneous evidentiary ruling should only be granted where "the evidence was so prejudicial that a new trial would likely produce a different result." Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002) (internal citations omitted). Here, the admission of the height of the cell would not have changed the jury's result.

Plaintiff next moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) based on his alleged discovery of a witness who will testify that the admitted Use of Force Tape presented was not the version viewed by Plaintiff. Plaintiff's new evidence fails to prevail under 60(b)(2) since (1) it is cumulative to the evidence already stated and heard from Plaintiff himself and (2) Plaintiff has failed to show that this evidence would result in the admission of a new or different tape. United States Xpress Enters. v. J.B. Hunt Transp., 320 F.3d 809, 815 (8th Cir. 2003). Finally, Plaintiff omits any explanation as to why he did not previously discover this witness.

Plaintiff also argues for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). He claims he was mistaken about the correct procedure for admission of evidence and inadvertently did not admit the Use of Force Report. The Court is not aware of any such discussion with Plaintiff regarding the admission of exhibits. Nor does the Court find this to be suitable grounds for relief from judgment.

As to the admission of the prior convictions of Plaintiff's witnesses, the Federal Rules of Evidence allow for such an admission where the crime was punishable in excess of one year and the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). In pretrial, the Court considered the arguments against the admission and determined that the impeachment value outweighed the prejudicial effects. Further, the Court specifically questioned the potential jurors as to whether they would be biased against Plaintiff since he was incarcerated and whether there is any category of persons whom they would disbelieve based solely upon their standing.

In his final argument, Plaintiff claims that this Court did not rule on Plaintiff's Motion to Strike Defendants' Witness James Ingram. Upon review of the record, this Court cannot find any motion arguing for Mr. Ingram's exclusion nor did Plaintiff raise this argument during trial.

Additionally, Plaintiff cannot show any prejudice resulting from the inclusion of Mr. Ingram's testimony. See Fed. R. Civ. Proc. 61. Mr. Ingram's prior knowledge of the case is precisely why he was called as a witness. Any bias that may have resulted from his prior standing as a Defendant was fair impeachment material for Plaintiff and not a basis for exclusion of his testimony.

**Motion for Contempt**

In his Motion for Contempt, Plaintiff seeks an order under Federal Rule of Civil Procedure 70(e) that Defendants and their attorneys were in contempt for failing to produce the correct Use of Force videotape. As discussed above, the Court fully considered and denied these arguments at trial.

**Motion for Directed Verdict**

Finally, in his Motion for Directed Verdict, Plaintiff argues that a Directed Verdict is proper since Plaintiff presented sufficient evidence as to the guilt of the three Defendants. Motions for a Judgment as a Matter of Law after trial, previously referred to as a Motion for Directed Verdict, are granted where the Court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. Proc. 50(a)(1).

The Court first notes that Plaintiff fails to refer to the law and facts that entitle him to judgment. Fed. R. Civ. Proc. 50(a)(2). Instead, Plaintiff argues that Judgment is proper since Defendants did not produce a "true" copy of the Use of Force Tape and improperly referred to the details of the witnesses' prior crimes. These arguments are addressed above.

Regardless of the foregoing, the Court finds that a judgment as a matter of law is not proper in this case. A reasonable juror would have a basis for finding in Defendants favor. Defendants presented testimony that Plaintiff threatened to urinate on Defendants and that their

reaction was in response to that threat.

Accordingly, the Court DENIES Plaintiff's Motion for New Trial, Motion for Contempt and Motion for Directed Verdict.

Date:   January 15, 2008                                  /s/ Dean Whipple
                                                         Dean Whipple
                                                   United States District Judge